IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RASSAN M. TARABEIN,          )
Reg. No. 16872-003,          )
                             )
        Petitioner,          )
    v.                       )    CASE NO. 2:25-CV-205-WKW
                             )          [WO]
FEDERAL BUREAU OF PRISONS,   )
                             )
        Respondent.          )

## <u>ORDER</u>

Petitioner Rassan M. Tarabein, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  (Doc. # 1.)  His petition is deficient, however, because it lacks a signature under penalty of perjury, as required by Rule 2(c) of the *Rules Governing Section 2254 Cases in the United States District Courts*.[1] To permit Petitioner to correct this deficiency, the court entered an Order on March 27, 2025, setting a deadline of April 10, 2025, for him to file an amendment to the petition demonstrating that the allegations are signed under penalty of perjury.  (Doc. # 2.)  The Order also directed Petitioner to notify the court of any change in his address and cautioned him that failure to comply would, without further notice, result in dismissal for failure to prosecute and comply with an Order of the court.

---

[1] Rule 2(c) applies to 28 U.S.C. § 2241 petitions under Rule l(b) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  *See also* 28 U.S.C. § 2242 (requiring that a § 2241 petition be "signed and verified by the person for whose relief it is intended").

(*Id.* at 2.)  That Order was not returned to the court as undeliverable.  Nevertheless, Petitioner failed to comply by the imposed deadline.

Therefore, the court entered a second Order on April 21, 2025, setting a deadline of May 5, 2025, for him to file the necessary amendment, as well as financial documentation in support of his motion to proceed *in forma pauperis*. (Doc. # 5.)  The court again cautioned Petitioner that failure to comply would result in dismissal of the petition without further notice.  (*Id.* at 2.)  The Order of April 21 was returned to the court as undeliverable (Doc. # 6), and the Federal Bureau of Prisons' inmate database reflects that Petitioner has been released from custody.  *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 8, 2025).  His current whereabouts are unknown.

Because Petitioner failed to comply with the Order of March 27 directing him to file an amendment to the petition and notify the court of any change in address, this petition will be dismissed without prejudice.  A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see*

*also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

In this instance, Petitioner has not complied with the Order of March 27, despite its express directives and warning that failing to meet the deadlines would result in dismissal of this action. Consequently, this action will be dismissed without prejudice. Although not required for such a dismissal, the court finds a clear record of delay, given the extended period of non-compliance and the notice provided. It further concludes that no lesser sanction than dismissal would be effective. *See id.*

Based on the foregoing, it is ORDERED that the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DISMISSED without prejudice.

Final judgment will be entered separately.

DONE this 8th day of August, 2025.


                                        /s/ W. Keith Watkins
                              _____
                              UNITED STATES DISTRICT JUDGE